# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RODERICK BROWN, | : | MOTION TO VACATE |
| BOP No. 54662-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-666-CC |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:03-CR-209-2-CC |

## **ORDER**

This matter is before the Court on the Interim Report and Recommendation ("Interim R&R") issued by the Honorable E. Clayton Scofield III [212], Roderick Brown's objections thereto [214], and Brown's "Notice of Supplemental Authority In Support of Defendant's Motion for Bond Pending Appeal As Requested by Magistrate Judge" [217].[1] This Order reserves judgment on two issues discussed in the Interim R&R – whether an evidentiary hearing and discovery are required – but resolves each of the other issues addressed in the Interim R&R. For the following reasons, this Court overrules Brown's objections and approves and adopts the Interim R&R as the Order of the Court (except for those portions that deal exclusively with an evidentiary hearing and discovery).

---

[1] The undersigned notes that Magistrate Judge Scofield did not "request" Brown's "Notice of Supplemental Authority."

Magistrate Judge Scofield's Interim R&R summarizes both the procedural history of this case and the host of collateral filings that Brown has submitted in conjunction with his past and present § 2255 motions, including all fifteen filings that were the focus of the Interim R&R itself [212 at 1-6]. That history need not be repeated here. The Court is aware of – and understands – Brown's frustration with the amount of time that his post-judgment collateral attack on his conviction and sentence have consumed. Nonetheless, the Court observes that Brown's own conduct – including his request for permission to take an out-of-time appeal, which this Court granted [*see* 93, 149, 152, 169] and his proclivity for submitting many collateral motions and supplemental filings [*see* 96, 97, 100, 101, 102, 103, 104, 105, 183, 187, 188, 190, 191, 192, 193, 195, 196, 198, 200, 202, 206, 209, 210] – is the primary cause of that delay [*see* 212 at 6 (quoting [199 at 2] (Eleventh Circuit Order denying Brown's petition for mandamus because he "likely contributed to the delay"))].

It is this Court's intention to rule on Brown's § 2255 motion in due course. Magistrate Judge Scofield's Interim R&R was explicitly intended to "clear the way for subsequent resolution of Brown's underlying § 2255 motion" by first resolving collateral issues raised in fifteen of Brown's motions and supplemental filings [212 at 1]. Brown's objections to the Interim R&R have served only to draw this case out

longer.  While objections that are well-founded are worth pursuing, objections raised simply for argument's sake are self-defeating.  If it is Brown's desire that this case be resolved as promptly as possible, he would do well to bear that in mind.

The Court notes that a district judge has a duty to conduct a "careful and complete" review of a magistrate judge's report and recommendation ("R&R"). *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).  Where no objection to the R&R is made, it need only be reviewed for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]  Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  The district judge must "give fresh consideration to those issues to which specific

---

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).  By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to *de novo* review).

3

objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclus[ory] or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Nettles*, 677 F.2d at 409-10). Thus, the district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)). After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732.

Brown did not object to the Interim R&R's recommendation that his "Reply to the Government's Response and Request to Expedite the Habeas Proceedings Due to

AO 72A
(Rev.8/82)

the Government's Failure to Respond to the Issues" be granted to the extent that his § 2255 motion be decided "in due course, after his collateral motions are first resolved" [212 at 7]. Because there is no clear error, the Court **ADOPTS** and **APPROVES** that portion of the Interim R&R as the Order of the Court, and Brown's motion [188] is **GRANTED** to that limited extent.

Nor did Brown object to the Interim R&R's recommendation that to the extent he has moved for "judgment as a matter of law" or "summary judgment" in certain of his filings, that those motions be denied without prejudice because the substantive issues in his § 2255 motion will be decided in due course [212 at 7]. Because there is no clear error, the Court **ADOPTS** and **APPROVES** that portion of the Interim R&R as the Order of the Court, and Brown's motions [192, 206, 210] are **DENIED WITHOUT PREJUDICE** to that limited extent.

Brown does object [214 at 12-17] to the Interim R&R's recommendation that his motion to recuse the undersigned pursuant to 28 U.S.C. §§ 144 and 455 be denied [212 at 8-9]. Brown states:

> Brown's complaint with [J]udge Cooper is that he is a federal judge, appointed by the President of the United States, . . . sworn to uphold the Constitution of the United States and to protect the rights of it's [sic] citizen [sic], and Brown feels that he is a citizen of the United

5

> States whose rights are being violated by Judge Cooper in this matter
> and that is Brown's motivation for recusal and nothing else.

[214 at 17]. After noting that the undersigned presided over criminal cases against Brown in state court before being appointed to the federal bench and that the undersigned has presided over Brown's federal criminal case since 2003, Brown further states:

> The role of a federal judge is to insure that justice is done between the parties before him. Brown filed his Motion for Recusal because he felt that his long history with this court has prejudiced his case with Judge Cooper. His request set forth specific instances where Brown has appeared before Judge Cooper and had his rights violated. Enough is enough!

[214 at 15]. But Brown cites no cases that support his view that recusal is required because he now requests it. Nor does Brown ever address the cases cited and discussed in the Interim R&R. Rather, it is clear, as the Interim R&R concludes, that Brown's time for requesting recusal under § 144 is long past and that recusal is not required under § 455 because the undersigned has not dealt with Brown in an extrajudicial capacity and "an objective, disinterested lay observer fully informed of the facts on which recusal was sought would not entertain a significant doubt about the [undersigned's] impartiality." *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993). *See also Liteky v. United States*, 510 U.S. 540, *passim* (1994);

*Lawal v. RTM*, 260 F. App'x 149, 152 (11th Cir. 2006). Brown's objections are **OVERRULED**, the Interim R&R is **ADOPTED** and **APPROVED** as the Order of the Court on this issue, and Brown's motion for recusal [202] is **DENIED**.

Brown also objects [214 at 9-11] to the Interim R&R's recommendation that his motion for bond be denied [212 at 8]. Brown's motion for bond cited only statutory provisions that permit the grant of bond pending trial, 18 U.S.C. § 3142, and pending a sentencing hearing or a direct appeal, 18 U.S.C. § 3143 [193 *passim*]. Indeed, Brown spent substantially all of his ten-page motion for bond arguing that he met the relevant criteria under §§ 3142 and/or § 3143. However, neither § 3142 nor § 3143 is applicable to Brown in the post-conviction collateral attack context. When this infirmity in Brown's motion was noted by the Government [194], Brown did not alter the legal basis on which he requested bond, he merely argued that "[i]t seems that counsel for the Government has forgotten that this is America, not China, and here we do not imprison innocent people" [195 at 1-2]. Because neither § 3142 nor § 3143 applied to Brown and he cited in his motion and response <u>no</u> relevant authority, the Interim R&R recommended that Brown's motion for bond be denied.

In his objections, Brown has entirely changed the basis on which he seeks bond. Now, Brown cites "a multitude of authority permitting Brown's release while he

collaterally attacks his plea, convictions, and sentence" [214 at 11]. Although Brown himself cites only cases from other circuits, the undersigned notes that the United States Court of Appeals for the Eleventh Circuit has implicitly confirmed that an inmate may be "grant[ed] bond . . . while the merits of his claim are being considered in a post-conviction relief proceeding." *Pagan v. United States*, 353 F.3d 1343, 1345 (11th Cir. 2003); *see also Wilcox v. Ford*, 813 F.2d 1140, 1151 (11th Cir. 1987). That – if Brown had briefed and argued it earlier – is a legal argument that Magistrate Judge Scofield could have addressed in the Interim R&R. But, as noted above, that was not the basis on which Brown requested bond in his motion and response.

Brown's shift comes too late, and his motion may be denied for that reason. This Court has the discretion to decline to consider arguments that were not raised before the magistrate judge because a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)). The Court concludes that this is an appropriate case in which to exercise that discretion.

In any event, Brown did not adequately make the argument that he is entitled to bond in this case. To the extent that the Eleventh Circuit permits a district court to

8

grant bond in a post-conviction habeas or § 2255 proceeding, that authority is limited to cases where an inmate "demonstrate[s] a likelihood of success on the merits of a substantial constitutional claim" and shows that "extraordinary and exceptional circumstances . . . exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought." *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990). In his motion for bond, Brown merely stated: "Suffice it to say that Mr. Brown firmly believes he will prevail on his appeal [sic]." [193 at 2]. He then went on to assert that he met the – inapplicable – tests under 18 U.S.C. §§ 3142 and 3143 [*id. passim*]. Brown thus failed to satisfy in his motion for bond either of the two tests that must be met before bond will be granted in a post-conviction § 2255 proceeding.

Both for the reasons set forth in the Interim R&R, which is **APPROVED** and **ADOPTED** as the Order of the Court on the matter of bond, as well as for the additional reasons set forth above, Brown's motion for bond [193] is **DENIED**.

To the extent that this Court is required to issue a certificate of appealability because all or part of this order is immediately appealable, *see Pagan*, 353 F.3d at 1346, the Court finds that Brown has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), because he has not demonstrated

AO 72A
(Rev.8/82)

that "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Therefore, a certificate of appealability is **DENIED** on the issues addressed in this Order.

As noted above, the Court has reserved judgment on the issue of whether an evidentiary hearing and discovery are required to resolve Brown's § 2255 motion.

**IT IS SO ORDERED**, this 18th day of July, 2012.

s/ CLARENCE COOPER
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

10