# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RODERICK BROWN, | : | MOTION TO VACATE |
| BOP No. 54662-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-666-CC |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:03-CR-209-2-CC |

## ORDER

This matter is before the Court on a Final Report, Recommendation and Order ("Final R&R") [227], Roderick Brown's Objections [230], and Brown's "Supplemental Objections" (which include various motions) [232]. For the following reasons, this Court (a) overrules Brown's objections, (b) approves and adopts the Final R&R as the Order of the Court, as supplemented herein, and (c) denies Brown's motions.

As this Court has previously explained to Brown, *see* [220 at 4], "[p]arties filing objections must specifically identify those findings objected to." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclus[ory] or general objections need not be considered by the district court." *Id.* (citation omitted).

> [A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with . . . . This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.

*United States v. Schultz*, 565 F.3d 1353, 1360-61 (11th Cir. 2009) (internal quotation marks and citation omitted). The Court has the discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

Bearing that in mind, the Court has conducted a "careful and complete review" of the Final R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982) (en banc)). As to those portions to which no specific objection was made, the Court has found no clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1] As

---

[1] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006)

2

to those portions to which specific objection was made, the Court has made "a *de novo* determination of those portions of the report or specified proposed findings or recommendations." 28 U.S.C. § 636(b)(1)(C); *see also Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (a district judge must "give fresh consideration to those issues to which specific objection has been made by a party").

Having conducted that review, the Court concludes that the thirty-four page Final R&R addresses each of the seven grounds for relief stated in Brown's amended § 2255 motion [182] and one raised in a later filing, and explains clearly why relief should be denied because each such ground was (1) addressed on direct appeal, (2) waived by Brown's waiver of his appeal/collateral attack rights in a negotiated, written plea agreement, and/or (3) meritless based on the record. Accordingly, the Final R&R – including the recommendation that a certificate of appealability be denied – is hereby **ADOPTED** and **APPROVED** as the Order of the Court, as supplemented herein.

Because Brown's § 2255 motion is based on his fundamental misconception that he was charged with a "non-offense" and is "actually innocent" of the firearms crime for which he remains in prison, it is worth noting the following.

---

(collecting cases).

3

Federal law provides that "any person who, during and in relation to . . . a drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be guilty of a crime. 18 U.S.C. § 924(c)(1)(A). Thus, it is criminal *either* to (1) use or carry a firearm during and in relation to a drug trafficking crime *or* (2) possess a firearm in furtherance of a drug trafficking crime.

It is indisputably true that the indictment in this case was poorly drafted and that it conflated the two separate prongs of § 924(c)(1)(A). It is equally true, however, that Brown admitted at his change of plea hearing to conduct that "clearly falls within and establishes *both* of § 924(c)'s prongs." *United States v. Brown*, 346 F. App'x 481, 490 (11th Cir. 2009) (emphasis added).[2] Although Brown now contends that "not only was the [Eleventh Circuit] panel [that decided his direct appeal] incorrect, it missed the point altogether" [182 at 11], that panel in fact applied *United States v.*

---

[2] Brown admitted to the following:

> (1) the government arranged a controlled drug transaction through Gwendolyn Brown, a woman to whom Brown had previously sold drugs; (2) immediately after the phone call with Gwendolyn Brown, officers saw Brown leave his apartment with a paper bag and enter his car; (3) officers stopped Brown in his vehicle just before he got to the interstate exit where Gwendolyn Brown was supposed to be waiting; and (4) a search of Brown's vehicle recovered the paper bag he had been seen carrying, which contained 725 grams of powder cocaine, and a Taurus .357 caliber revolver.

*United States v. Brown*, 346 F.App'x 481, 490 (11th Cir. 2009).

4

*Peters*, 310 F.3d 709 (11th Cir. 2002), and determined that "[i]n Brown's case, the indictment defect was an omission of an element of the charged crime and not an affirmative allegation of conduct beyond the reach of the charging statute." *Brown*, 346 F. App'x at 490. Thus, the panel concluded, Brown was *not*, as in *Peters*, charged with a "non-offense." Rather, because Brown otherwise had "adequate notice of the charge against him" and "admitted to conduct that established the omitted element of the charged crime," the indictment defect was non-jurisdictional and did not deprive this Court of "power to adjudicate Brown's case or to accept Brown's guilty plea." *Id.* Thus, although Brown is correct that the indictment "does not properly state a federal crime" [182 at 10], he was *not* charged with a "non-offense" and he is *not* "actually innocent" of having violated § 924(c)(1)(A).

While Brown's trial attorney could have challenged the indictment as defective, that would not have led to dismissal of the case, only to Brown's re-indictment. And given Brown's actual guilt under *both* prongs of § 924(c)(1)(A), there is no reason to believe – let alone a "reasonable probability" – that he would not have pled guilty to that corrected, superseding indictment. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (requiring "defendant [to] show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

5

and would have insisted on going to trial"). Indeed, Brown would have been unwise to reject the plea deal he accepted, under which the government agreed to drop a § 924(c)(1)(C) count that carried an additional twenty-five year mandatory minimum sentence, required to be imposed consecutively, which would have increased the 15-year sentence Brown received, as part of his plea deal, to a 40-year sentence, if he was convicted at trial. *See* [227 at n.2].

To the extent that Brown argues that his entry into a plea agreement was "unknowing" because "this court, trial counsel, and the government all misinformed him or failed to explain to him the exact real nature of the [§ 924(c)(1)(A)] charge" [182 at 8-9], that contention, too, gets Brown nowhere. Again, while the indictment conflated the elements from the two separate prongs of a § 924(c)(1)(A), Brown was *not* "misinformed" that he was, indeed, guilty of a § 924(c)(1)(A) offense. At his Rule 11 hearing, Brown admitted to conduct that violated *both* prongs of § 924(c)(1)(A).

Brown now cites *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998), but that case offers him scant support. After stating that a procedural default of a federal habeas corpus claim may be overcome by a showing of either "cause and prejudice" or "actual innocence, the Supreme Court further explained that "'[a]ctual innocence' means factual innocence, not mere legal

6

insufficiency" and that "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 623-24. Not only is Brown *not* "actually innocent" of the § 924(c)(1)(A) charge to which he pled guilty, but he has never alleged – let alone shown – any basis for concluding that he is "actually innocent" of the additional charges the government dropped in exchange for his guilty plea.

Brown's objections that the magistrate judge "has issued a Report and Recommendation that fails to address any of Brown's state court claims" [232-1 at 10] are meritless. Brown's drug trafficking sentences in this case were enhanced under 21 U.S.C. § 851 based on two state criminal convictions dating back to the 1980s, neither of which Brown challenged during sentencing. *See* [64]. Brown alleges that he belatedly filed in 2006 a state habeas corpus petition seeking vacatur of those state convictions. *See* [214 at 2].[3] However, Brown also acknowledges that the Georgia courts *denied* his vacatur requests. [*Id.* at 3]. Thus, this is not a case that requires the Court to apply *Johnson v. United States*, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d

---

[3] Brown also alleges that he put Georgia on notice in 2005 that he intended to seek vacatur. *See Brown v. Georgia* [1 at 19]. But he does not allege that he ever sought vacatur before then.

542 (2005). Nor has Brown cited any precedent that might entitle him to relief in this § 2255 proceeding.[4]

The various motions that Brown included in his "Supplemental Objections," *see* [232-1 at 10], are **DENIED**.

---

[4] To the extent that Brown complains that the Honorable Orinda D. Evans ought not to have recharacterized his petition in *Brown v. Georgia*, No. 1:09-CV-3703 (N.D. Ga. Dec. 31, 2009), as a second § 2255 motion rather than an original § 2254 petition, it is plain that Judge Evans was correct. *See McCarthy v. United States*, 320 F.3d 1230, 1231 n.1 (11th Cir. 2003) (an attack on "expired state convictions . . . that were used to enhance [a] current federal sentence[] . . . [must be brought] as a challenge under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2254"). Moreover, even if Brown's original filing in *Brown v. Georgia* could have been treated as a § 2254 petition, nothing in it indicates any basis on which it might have been determined to have been brought within the one-year limitations period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d). Rather, if treated as a § 2254 petition, Brown's filing would have been subject to summary dismissal because in plainly appears that it was filed far out-of-time. *See* 28 U.S.C. foll. § 2254, Rule 4. *Cf. Brown v. Georgia* [1 at 6] (acknowledging that Georgia rejected the state habeas petition filed by Brown in 2006 to attack his mid-1980s convictions as untimely under Georgia's four-year limitations period). In any event, after Brown was directed to *amend* his filing in *Brown v. Georgia* to list *all* grounds on which he would seek relief under § 2255, Brown omitted any further mention of his state convictions. *See* [182]. And, in later filings in this § 2255 proceeding, Brown listed *only* the seven grounds for relief set forth in his amended § 2255 motion, without any mention of "state court claims." *See, e.g.*, [192 at 2]. Only *after* the government filed its Response [222], addressing each of the seven grounds in Brown's amended § 2255 motion [182], did Brown assert in his Reply that "arguments concerning his state conviction that was dismissed by the Georgia Supreme Court" [223 at 5-6] – which he omitted from his amended § 2255 motion – had to be addressed. As a general rule, arguments raised for the first time in reply are waived. *United States v. Levy*, 416 F.3d 1273, 1276 n.3 (11th Cir. 2005); *Jackson v. United States*, 976 F.2d 679, 680 n.1 (11th Cir. 1992).

8

**IT IS SO ORDERED**, this 20th day of August, 2013.

*s/ CLARENCE COOPER*
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)